UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE:     FREDERICK PHILLIPS, | ) | CASE NO. 22-50660-BEM |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| _____ | ) | |

**OBJECTION OF CREDITOR SPRING LAKE TT, LLC D/B/A ROSEMONT BROOK HOLLOW TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY AND RESPONSE IN OPPOSITION TO DEBTOR'S MOTION FOR CONTEMPT AND MOTION FOR SANCTIONS**

COMES NOW Spring Lake TT, LLC d/b/a Rosemont Brook Hollow ("Creditor"), and interested party in the above-named Debtor's case, and files this Objection to Debtor's Motion for Order Continuing Automatic Stay Provision Against Creditors and responds in opposition to Debtor's Motion for Contempt and Motion for Sanctions, showing the Court that Debtor's motion is filed in bad faith and fails to establish the factors necessary to impose the stay. Creditor further shows the court that at no time did Creditor violate the automatic stay as the dispossessory action was filed in accordance with the Bankruptcy Reform Act. As such, Creditor is not in contempt of the automatic stay.

**FACTUAL AND PROCEDURAL HISTORY**

Creditor Spring Lake TT, LLC d/b/a Rosemont Brook Hollow is the residential landlord of the apartment premises where Debtor resides, pursuant to a written lease agreement between the parties.

Debtor filed a previous Chapter 13 bankruptcy petition, Case No. 21-56558, on September 1, 2021 (the "Prior Petition"). The Prior Petition was then dismissed by the Court on November 30, 2021.

1

Creditor filed a dispossessory action in the Magistrate Court of Gwinnett County on December 20, 2021, when there was no bankruptcy stay in effect. However, the dispossessory case was stayed, and the scheduled trial postponed, when the Debtor filed the instant bankruptcy case on January 26, 2022. Because this was the Debtor's second bankruptcy filing within a year, the Magistrate Court reset the trial of the dispossessory case to March 2, 2022 which was more than 30 days after the filing of the instant case, and therefore after the stay was set to expire, pursuant to 11 U.S.C. 362(c)(3)(A).

After the trial which took place on March 2, 2022, the Magistrate Court of Gwinnett County issued an order awarding Spring Lake TT, LLC a writ of possession. Spring Lake TT, LLC has accepted no payment of rent since then, and the Debtor remains in possession of the subject premises.

Debtor filed the instant motions on March 3, 2022 and March 8, 2022, that is, thirty-six (36) days after he filed the instant bankruptcy petition.

## ARGUMENT AND CITATION TO AUTHORITY

### I. Debtor's second bankruptcy and the instant motion are made in bad faith

Creditor contends that this case was not filed in good faith as to Spring Lake TT, LLC, as Debtor has not paid any rent since October of 2021, and because the Debtor has not set forth a proposed plan that would promptly cure this incredibly high rental arrearage, and has failed to provide adequate protection to Spring Lake TT, LLC.

As Debtor seeks this relief in bad faith, his motion should be denied.

### II. Debtor is unable to show by clear and convincing evidence that he is entitled to a reimposition of the stay.

Because the instant bankruptcy petition was filed within one year of the date on which the Prior Petition was dismissed, the automatic stay imposed by the filing of instant petition

2

expired on February 26, 2022, pursuant to 11 U.S.C. 362(c)(3)(A). Accordingly, the Debtor's Motion for Extension of the Automatic Stay is untimely under 11 U.S.C. 362(c)(3)(B). Therefore, the only authority this Court has to reimpose the stay lies with the Court's powers under 11 USC 105(a). *In re Whitaker*, 341 B.R. 336, 342 (Bankr. S.D. Ga. 2006). While the Court has the ability to reimpose the stay under its broad powers under 11 USC 105(a), to do so would require the debtor to prove the four factors of a preliminary injunction by clear and convincing evidence. *Id.* Thus, Debtor must show, convincingly, "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). *See also In re Edwards*, 2013 WL 2317589 at *2 (Bankr. N.D. Ga. 2013, Case No. 13-54582-BEM, Docket No. 36).

Here, Debtor establishes none of these factors. First, Debtor will not suffer irreparable harm if his motion is denied, as he can simply move out of the rental premises and find a new home. This is a rental premises and Debtor has no equity that he risks losing by having to move out.

Second, injury to Spring Lake TT, LLC already significantly outweighs potential injury to Debtor, as Debtor owes several months of past due rent, and Debtor has not been able to show how he will adequately protect them. Debtor has not shown that he will be injured if the stay is not reimposed, as the bankruptcy code does not permit tenants to reside in rental premises without paying rent.

Finally, imposing the stay would be adverse to the public interest, as Debtor has been living in an apartment without paying rent for several months. The bankruptcy court should not

3

sanction a Debtor's ability to live rent-free by reimposing the stay and forcing the Debtor to file a Motion for Relief from Stay as to the Debtor. Accordingly, the Court should decline to reimpose the stay.

### III. Pursuant to the Bankruptcy Reform Act, there was no violation of the Automatic stay as the Debtor had a prior bankruptcy that was dismissed within the last twelve months so that the stay was only in effect for 30 days

On March 10, 2005, the United States Senate passed the Bankruptcy Abuse Prevention and Consumer Protection Act for 2005 (Public Law 109-8, 119 STAT 23); hereinafter referred to as "The Bankruptcy Reform Act"). On April 20, 2005, President Georgia W. Bush signed the Bankruptcy Reform Act into law. The effective date of the new act was October 17, 2005. The Bankruptcy Reform Act made significant changes to the bankruptcy code, especially with respect to the automatic stay provisions.

The Bankruptcy Reform Act changed the automatic stay when there are prior bankruptcies filed by the Debtor that were pending within the previous twelve months. This change can be found at 11 USC §362(c)(3) & (4). If the Debtor has a prior Bankruptcy that was pending within the previous 12 months and that case is dismissed then the stay is only in effect for 30 days. 11 USC §362(c)(3) If the Debtor has two or more prior Bankruptcy cases that were pending within the previous 12 months and the cases were dismissed then there is no stay. 11 USC §362(c)(4)

Under 11 USC §362(c)(3)(B) the Debtor must file a motion and provide notice and the hearing must be completed before the expiration of the 30-day period . Under 11 USC §362(c)(4)(B) a party in interest may, within 30 days of the commencement of the case request

4

the stay to take effect and after notice and a hearing the court will determine whether or not to grant a stay. However, there is no stay until the court enters the Order. 11 USC §362(c)(3)(C).

Creditor has not violated the automatic stay, nor are they in contempt as they did not proceed with the dispossessory action until the stay expired. Debtor filed a previous bankruptcy within the last twelve months that was dismissed. The Prior Petition was filed on September 1, 2021 and dismissed by this court on November 30, 2021.

On December 20, 2021, Creditor filed a dispossessory action in the Magistrate court of Gwinnett County when there was no stay in effect. On January 26, 2022, the same day of trial in the dispossessory action, Debtor filed this bankruptcy. The case was stayed for 30 days and reset the case for March 2, 2022 pursuant to 11 USC §362(c)(3)(A). The stay expired on February 26, 2022, and no stay was in effect. The trial did not occur until after the stay expired on March 2, 2022. The Magistrate Court of Gwinnett issued an order awarding Creditor a writ of possession. Debtor has not been ejected and he subsequently filed an appeal.

Debtor did not file a Motion to Extend the stay within 30 days as required by 11 USC §362(c)(3)(B).

Accordingly, there is no violation of the automatic stay. Creditor is clearly not in contempt of the automatic stay as no act occurred in violation of the automatic stay.

WHEREFORE, Spring Lake TT, LLC d/b/a Rosemont Brook Hollow respectfully requests this Court DENY Debtor's Motion for Order Continuing Automatic Stay Provision as to Spring Lake TT, LLC, deny Creditor's Motion for Contempt and Motion for Sanctions thereby allowing it to proceed in the pending dispossessory action in the Magistrate Court of Gwinnett County.

This the 24th day of March, 2022.

<u>/s/ J. Mike Williams</u>
J. Mike Williams
Attorney for Movant
State Bar No. 765209

2970 Clairmont Road
Suite 220
Atlanta, GA  30329
404-633-5114
mwilliams@apartmentlaw.com

## CERTIFICATE OF SERVICE

I, J. Mike Williams, of 2970 Clairmont Road, Suite 220, Atlanta, Georgia 30329 certify:

That I at all times hereinafter mentioned was more than 18 years of age;

That on March 24, 2022, I served a copy of the within **OBJECTION OF CREDITOR SPRING LAKE TT, LLC TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY** filed in this bankruptcy matter on the following respondents via U.S. First Class Mail addressed as follows:

**K. Edward Safir**
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

**Frederick Phillips**
1416 Chase Common Dr.
Norcross, GA 30071
GWINNETT-GA

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on:   March 24, 2022

/s/ J. Mike Williams
J. Mike Williams
Attorney for Movant
State Bar No. 765209

2970 Clairmont Road
Suite 220
Atlanta, GA  30329
404-633-5114
mwilliams@apartmentlaw.com